UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VIVIAN JANET BOWMAN                                                          PLAINTIFF

v.                                                CIVIL ACTION NO. 3:11CV-296-S

VALLEY VIEW BAPTIST CHURCH *et al.*                           DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Vivian Janet Bowman, filed this *pro se*, *in forma pauperis* action against Valley View Baptist Church and one its members, Pam Hansley. Upon review for the reasons set forth below, the Court concludes that it must dismiss this matter pursuant to FED. R. CIV. P. 12(h)(3)for lack of subject-matter jurisdiction.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Moreover, "[a] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31(2007). Under the Federal Rules of Civil Procedure, the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3). The dismissal should issue as soon as the Court determines that subject-matter jurisdiction is lacking.

Plaintiff does not allege the jurisdictional basis of this case. She states simply that "I want this case in this U.S.A. Federal Court." Plaintiff has not identified any federal cause of action. From her rendition of the facts, it appears that she previously attended services at Valley View Baptist Church. However, on Easter Sunday 2011, she had conversation with Rev. Douglas Boyles about him "bearing false witness" against her. Thereafter, she decided not to return to the Valley View Baptist Church. She alleges that after she did not show up for Sunday School the following week, she received a telephone call from Defendant Pam Hansley threatening her and her two sons. Plaintiff is seeking "five million American Dollars" in damages.

As Plaintiff has not articulated any federal law claims, the Court must determine whether she can satisfy the requirements of diversity jurisdiction under 28 U.S.C. § 1332. To properly invoke the Court's diversity jurisdiction, Plaintiff must establish that this action is between citizens of different states and that the amount in controversy exceeds the sum or value of $75,000.00. *Id.*

Plaintiff is seeking five million dollars. Thus, the second element is satisfied. However, Plaintiff has not alleged that she and Defendants are citizens of different states. Plaintiff indicates that she is a citizen of Kentucky. Her complaint also indicates that both Defendants are citizens of Kentucky. The Court also takes judicial notice that Defendant Valley View Baptist Church is registered with the Kentucky Secretary of State as a Kentucky corporation. *See* https://app.sos.ky.gov. Because Plaintiff and Defendants are citizens of Kentucky, there is no diversity in this case.

Accordingly, for the reasons set forth above, by separate Order the Court will dismiss this matter for lack of subject-matter jurisdiction.

Date:

cc: Plaintiff, *pro se*
 Defendants
4411.008